UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WELLS FARGO & COMPANY on behalf of itself and the members of its affiliated group filing a consolidated return, <br><br>WELLS FARGO,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>UNITED STATES. | CIVIL NO. 09-2764 (PJS/AJB)<br><br><br>**ORDER & MEMORANDUM** |

---

Andrew T. Gardner, Jeffrey A. Sloan, Mark A. Hager, and William K. Wilcox, Wells Fargo & Company, 90 South 7th Street, MAC N9305-164, Minneapolis, MN 55479;

B. John Williams, Jr., Cary Pugh, Julia M. Kazaks, Kristin R. Keeling, and Robert J. Wille (pro hac vice), Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue Northwest, Washington, DC 20005;

Martin S. Chester, Walter A. Pickhardt, Faegre & Benson LLP, 90 South 7th Street, Suite 2200, Minneapolis, MN 55402-3901 (for Wells Fargo);

Alan S. Kline, United States Department of Justice Tax Division, 33 Maiden Lane 12th Floor, New York, NY 10038;

Dennis M. Donohue, John L. Schoenecker, Matthew Von Schuch, United States Department of Justice Tax Division, PO Box 55, Ben Franklin Station, Washington, DC 20044-0055;

John E. Becker, IRS - Chief Counsel, 701 Market Street, Suite 2200, Philadelphia, PA 19106 (for United States).

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Wells Fargo's Motion to Strike [Docket No. 37]. A hearing was held on the motion on June 24, 2010. B. John Williams, Jr., Julia M. Kazaks, and Kristin R. Keeling appeared on behalf of

Wells Fargo & Company.  Alan S. Kline and Dennis M. Donohue appeared on behalf of the United States of America.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Wells Fargo's Motion to Strike [Docket No. 37] is **DENIED** and the attached memorandum is incorporated herein.


Dated:         July 15, 2010

       s/ Arthur J. Boylan
Magistrate Judge Arthur J. Boylan
United States District Court


**<u>MEMORANDUM</u>**

**I**

Plaintiff Wells Fargo & Company's Amended Complaint seeks a refund of income taxes and previously-paid deficiency interest assessed and collected by Defendant United States of America for the tax year ending December 31, 2003.  [Docket Nos. 24.] Wells Fargo & Company (Wells Fargo) brings seven claims: Counts 1 or 2, and 3 arise out of a November 2002 transaction wherein Wells Fargo borrowed money from Barclays Bank PLC. This transaction is described in detail within the Amended Complaint and it is called "the "STARS Transaction." In the remaining claims, Wells Fargo contends that the United States erroneously (1) disallowed a 2003 California taxes deduction, (2) assessed and collected taxes with respect to sale-leaseback transactions, (3) assessed and collected taxes with respect to deferred loan fees, and (4) assessed deficiency interest.

The United States denies Wells Fargo's claims within its First Amended Answer to Amended Complaint. [Docket No. 36.] The United States also asserts the following "Second Additional Defense":

> Wells Fargo is liable for a negligence penalty, pursuant to 26 U.S.C. § 6662, in the amount of $15,271,192, for its failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and to exercise ordinary care in the preparation of its 2003 federal income tax return with respect to the STARS transaction. This penalty is part of Wells Fargo's 2003 income tax liability, the redetermination of which is at issue in this refund suit. Wells Fargo bears the burden to prove by a preponderance of the evidence that it made an overpayment with respect to this liability, including this negligence penalty.

Wells Fargo brings the present motion, under Fed. R. Civ. P. 12(f), requesting that this Court strike United States' "Second Additional Defense" "because the pleadings and the record as a whole demonstrate that [it] is insufficient as a matter of law." [Docket No. 37.] United States opposes the motion.

## II

### a. Standard of Review

Federal Rule of Civil Procedure 12(f) permits the Court to strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The Court may act . . . on motion made by a party . . . ." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f). . . . Striking a party's pleading, however, is an extreme and disfavored measure." *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "'A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quoting 2A MOORE'S FEDERAL PRACTICE P 12.21 at 2437 (2d ed. 1975)).

In *Ashcroft v. Iqbal*, the United States Supreme Court held that in order to meet the requirements of Fed. R. Civ. P. 8, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ___ U.S. ___, ___ 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). Wells Fargo argued at the hearing that this Court's standard of review should incorporate the pleading standard enunciated in *Twombly* and *Iqbal*. This Court declines to impose a burden on the United States where such a burden does not exist by virtue of a Federal Rule of Civil Procedure or relevant authority—especially in the absence of briefing by the parties. *Twombly* and *Iqbal* concern the pleading standard within complaints and within the context of motions under Fed. R. Civ. P. 12(b)(6). Therefore, *Twombly* and *Iqbal* do not influence this Court's analysis of Wells Fargo's Motion to Strike the United States' "Second Additional Defense" pursuant to Fed. R. Civ. P. 12(f).

*b. Discussion*

Wells Fargo argues that the United States has the burden to show that it has a reasonable basis in fact to assert its "Second Additional Defense," which Wells Fargo characterizes as an "offset defense." Wells Fargo contends that the United States has not met its factual burden to allege its "Second Additional Defense" and therefore, the United States' "Second Additional Defense" must be stricken. The United States contends that it is asserting a recoupment defense consistent with *Lewis v. Reynolds*, 284 U.S. 281, 52 S. Ct. 145 (1932), *as modified in* 284 U.S. 599, 52 S. Ct. 264 (1932), and the United States needs to only meet the requirements of Fed. R. Civ. P. 8 in order to assert a recoupment defense premised upon 26 U.S.C. § 6662. For the reasons set forth below, Wells Fargo's Motion to Strike is denied.

i. <u>Setoff Versus Equitable Recoupment Defenses</u>

The government has a right to

> reaudit a return and challenge by way of a defense, in the nature of a *setoff*, in a refund suit, the validity of the tax treatment accorded any item in taxpayer's return . . . . This of necessity involves a redetermination of [the taxpayer's] entire tax liability under the particular tax return on which he sues for a refund.

*Missouri Pac. R. Co. v. United States*, 338 F.2d 668, 670 (Ct. Cl. 1964) (emphasis added) (citing *Lewis*, 284 U.S. 281, 52 S. Ct. 145). This "right to reaudit and challenge by way of a defense . . . the validity of the tax treatment accorded any item in taxpayer's return" is commonly called an offset or setoff defense. *Id.* A taxpayer's tax liability includes penalties. *See Pacific Gas and Elec. Co. v. United States*, 417 F.3d 1375, 1381-83 (Fed. Cir. 2005) (interpreting *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965)). Section 6662 of Title 26 of United States Code is a penalty provision that applies if there has been an underpayment of taxes and negligence on the part of the taxpayer. 26 U.S.C. § 6662(b)(1). If these two conditions are satisfied, then the government is entitled to "an amount equal to 20 percent of the portion of the underpayment" as a penalty for the negligent underpayment. *Id.* at § 6662(a). Thus, in the present case, the United States is exercising its right to assert an offset defense premised upon 26 U.S.C. § 6662.

"[R]ecoupment allows a defendant to defend against a claim by asserting, up to the amount of the claim, the defendant's own claim against the plaintiff growing out of the same transaction." 20 AM. JUR. 2d, *Counterclaim, Recoupment, Etc.* § 5 (Apr. 2010); *see also* BLACK'S LAW DICTIONARY, *recoupment* (8th ed. 2004). Conversely, a setoff or offset is "[a] defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim." BLACK'S LAW DICTIONARY, *setoff* (8th ed. 2004); *see also* 20 AM. JUR. 2d,

*Counterclaim, Recoupment, Etc.* § 6; 80 C.J.S. *Set-off and Counterclaim* § 3 (May 2010). Thus, according to these definitions, the United States' "Second Additional Defense" is one for recoupment.

But, within the context of suits for refunds of erroneously assessed taxes, the United States Supreme Court has limited the recoupment defense to a narrow, specific situation. *See Bull v. United States*, 295 U.S. 247, 262, 55 S. Ct. 695 (1935); *Stone v. White*, 301 U.S. 532, 57 S. Ct. 851 (1937); *McEachern v. Rose*, 302 U.S. 56, 58 S. Ct. 84 (1937); *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 67 S. Ct. 271 (1946). While recoupment (as enunciated in *Bull*, *Stone*, *McEachern*, and *Rothensies* cases) and the offsetting defense (as enunciated in *Lewis*, 284 U.S. 281, 52 S. Ct. 145, and quoted above) share similar equitable principles, they are mutually exclusive. The Eighth Circuit Court of Appeals has explained: "'As distinguished from offset, equitable recoupment allows the IRS to set off a refund due a taxpayer for one tax year by an underpayment from a different year, but only in the circumstances described by the Court.'" *IES Industries, Inc. v. United States*, 349 F.3d 574, 581 (8th Cir. 2003) (quoting *Bull*, 295 U.S. 247, 262, 55 S. Ct. 695); *see Dysart*, 340 F.2d at 627 (distinguishing "the defense of recoupment" from the "broader and more fundamental defense of lack of overpayment of the particular tax involved in the suit for refund"). Conversely, offsetting involves "a single taxpayer, a single taxable year, a single tax, and could involve more than one transaction." Camilla E. Watson, *Equitable Recoupment: Revisiting an Old and Inconsistent Remedy,* 65 FORDHAM L. REV. 691, 717 (1996). Wells Fargo's refund claims arising out of the STARS Transaction are limited to the tax year ending December 31, 2003. The United States' "Second Additional Defense" applies to the treatment of the STARS Transaction in the tax year ending

December 31, 2003. Thus, the United States' "Second Additional Defense" constitutes a defense of lack of overpayment under *Lewis,* 284 U.S. 281, 52 S. Ct. 145, and is an offset defense.

### ii. Reasonable Factual Basis & Impermissible Tactical Purposes

Wells Fargo cites three cases to support the proposition that the United States must have a reasonable basis in fact to assert its "Second Additional Defense": *Mahoney v. United States*, 223 Ct. Cl. 713 (1980), *Mo. Pac. R.R. Co. v. United States*, 411 F.2d 327 (8th Cir. 1969), and *Missouri*, 338 F.2d 668. The United States contends that Fed. R. Civ. P. 8 is the only standard applicable at the pleading stage and Wells Fargo's cases concern the United States' burdens at trial or within the context of a motion for summary judgment, not at the pleading stage.

Rule 8 requires that a party "must . . . state in short and plain terms its defenses to each claim asserted," Fed. R. Civ. P. 8(b)(1), and a party "must affirmatively state any avoidance or affirmative defense." *Id.* at 8(c). The United States contends that its "Second Additional Defense" is not an affirmative defense because it is not enumerated within the list provided in Fed. R. Civ. P. 8(c). First, the United States is incorrect in asserting that the list of affirmative defenses provided by Fed. R. Civ. P. 8(c) is exhaustive. *Cf. Sayre v. Musicland Group, Inc., a Subsidiary of American Can Co.*, 850 F.2d 350, 353-54 (8th Cir. 1988*)* (holding that mitigation is an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c) notwithstanding the fact it is not one of the enumerated affirmative defenses.) Second, the Eighth Circuit Court of Appeals has called an offset defense an affirmative defense, *IES Industries, Inc.*, 349 F.3d at 578, and has held that an offset defense was waived when it was never raised in the audit or pleaded. *Buder v. United States*, 7 F.3d 1382, 1386 (8th Cir. 1993). Thus, this Court concludes that the United States was required to plead its offset defense under Fed. R. Civ. P. 8(c).

The United States pleaded its offset defense affirmatively and therefore, the United States' "Second Additional Defense" meets the requirements of Fed. R. Civ. P. 8. Furthermore, the United States' "Second Additional Defense" is sufficient as a matter of law and fairly presents a question which the court ought to hear because under *Lewis*, 284 U.S. 281, 52 S. Ct. 145, the United States is entitled to assert an offset defense. Therefore, Wells Fargo's motion to strike is denied.

The cases that Wells Fargo cites to support the proposition that the United States needs to make a factual showing to assert its offset defense, rely upon the following reasoning:

> the government has the burden of going forward and showing that there is a reasonable basis in fact or in law for its setoff defense. By this we mean that the government has to demonstrate that it has some concrete and positive evidence, as opposed to a mere theoretical argument, that there is some substance to its claim and is not a mere fishing expedition or a method of discouraging taxpayers from seeking refunds on meritorious claims because of the cost that would result in proving each and every item involved in a tax return. In a case where the taxpayer raises specific issues as to a tax, and there is no good reason for the government to challenge the remainder of the items going to make up the tax, the government should not be able to cast the burden on the taxpayer of proving each and every item. The right of allowing an offset under these situations is an equitable right given to the government based on the equitable principles and, as such, should not be abused. If properly used, it should provide the government with a 'shield' to prevent the unjust enrichment of a taxpayer, but if used as a 'sword' it would under certain circumstances have the contrary effect.

*Missouri Pacific R. R.*, 338 F. 2d at 671-72; *see Mahoney*, 223 Ct. Cl. 713, 1980 WL 4712, *2 (quoting *Missouri Pacific R. R.*, 338 F. 2d at 671-72); Mo. Pac. R. R. Co., 411 F.2d at 329 (8th Cir. 1969) (citing *Missouri Pacific R. R.*, 338 F. 2d at 671-72, and holding "the government had the initial burden of going forward and showing that there was a reasonable basis in fact or in

law for its setoff defense . . . . [and w]hen it had done this, the taxpayer had the burden of establishing the proper tax due").

Wells Fargo's cases do not alter this Court's conclusion. First, Wells Fargo's cases are concerned with preventing the government from asserting an unfounded offset defense based upon items that make up the tax but do not form the basis of the taxpayer's complaint. The taxpayer bears the burden of showing that there was an overpayment, which as the United States Supreme Court noted, implicitly involves proof as to the total tax liability—not just the item that forms the basis for the refund claim. *Lewis*, 284 U.S. at 283, 52 S. Ct. at 146. The cases cited by Wells Fargo reflect a concern by the courts that the government will simply assert an offset defense as to all of the items that make up the tax for a single taxable year. If this practice were permitted, a plaintiff would have to meet its burden with respect the item that forms the basis of its refund claim and also meet its burden with respect to all of the items that make up the tax for single tax year. To avoid expanding tax refund trials into public tax returns and audits, the courts imposed upon the government a burden to show that there is a reasonable basis for its setoff defense. This burden narrows tax refund cases to the item that forms the basis of the refund claim and those items for which the government has met its burden; the items that make up the tax and that do not fall within the aforementioned categories are not disputed by the parties. But, the concerns that underlie these cases are not present in a case in which the government is asserting offset with respect to a transaction that forms the basis of one of the plaintiff's refund claims, as is the case here. Thus, because the STARS Transaction forms the basis of some of Wells Fargo's refund claims and forms the basis of the United States' "Second Additional Defense," there is no burden on Wells Fargo: Proving its refund claim with respect to the STARS Transaction inherently disproves the United States' "Second Additional Defense."

Second, the United States Supreme Court was unambiguous when it held:

> While statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, *authority therefor is necessarily implied.* An overpayment must appear before refund is authorized . . . . [The statute of limitations] does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded.

*Lewis*, 284 U.S. at 283, 52 S. Ct. 146 (emphasis added). To wit, the government has a right to assert an offset defense and to conduct discovery even if that discovery amounts to a reaudit. This reading is consistent with *Dysart,* 169 Ct. Cl. 276, 340 F.2d 624, which was decided one year after *Missouri*, 338 F.2d 668, and authored by the same judge. Whether the United States will ultimately prevail on its offset defense and whether it can assert an offset defense at the pleading stage are two different inquiries with two different burdens for the United States. This Court concludes that the United States has met its burden at the pleading stage.

Wells Fargo also contends that the United States' "Second Additional Defense" amounts to an impermissible tactic because the United States' sole basis for asserting the "Second Additional Defense" is to posture the present case for consolidation. The doctrine of separation of powers necessitates that this Court avoid weighing the tactical considerations of attorneys representing the United States of America where such considerations do not offend the law. Because this Court concludes that the "Second Additional Defense" is properly plead pursuant to Fed. R. Civ. P. 8, this Court does not consider Wells Fargo's arguments with respect to the United States' motives for pleading the "Second Additional Defense."