UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WELLS FARGO & COMPANY, on behalf of itself and the members of its affiliated group filing a consolidated return,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 09-CV-2764 (PJS/AJB)<br><br><br>ORDER |

B. John Williams, Jr., Julia M. Kazaks, Cary D. Pugh, Kristin R. Keeling, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP; Walter A. Pickhardt, Martin S. Chester, FAEGRE & BENSON LLP; Mark A. Hager, Andrew T. Gardner, Jeffrey A. Sloan, William K. Wilcox, WELLS FARGO & COMPANY, for plaintiff.

Dennis M. Donohue, John L. Schoenecker, Matthew Von Schuch, Alan S. Kline, UNITED STATES DEPARTMENT OF JUSTICE, for defendant.

Plaintiff Wells Fargo & Company ("Wells Fargo") brings this action for a refund of taxes and previously paid deficiency interest. In its amended answer to Wells Fargo's amended complaint, the government has asserted an "offset" or "recoupment" defense.[1] See Docket No. 36 at 41. Wells Fargo brought a motion to strike this defense under Fed. R. Civ. P. 12(f), which was denied by United States Magistrate Judge Arthur J. Boylan in an order dated July 15, 2010. Docket No. 51.

This matter is before the Court on Wells Fargo's objection to Judge Boylan's order. A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly

---

[1] The parties dispute whether the defense should be considered an offset (as Wells Fargo contends and Judge Boylan found) or a recoupment (as the government contends). The Court need not resolve this dispute, as it is not material for purposes of resolving Wells Fargo's objection to Judge Boylan's order.

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

Having reviewed Judge Boylan's order and the relevant case law, the Court finds nothing in the order to be contrary to law. Two of the cases cited by Wells Fargo — *Missouri Pacific Railroad Co. v. United States*, 168 Ct. Cl. 86 (1964) ("*Missouri Pacific*") and *Missouri Pacific Railroad Co. v. United States*, 411 F.2d 327 (8th Cir. 1969) ("*Mo. Pac.*") — concern the parties' respective burdens of proof, not the standards to be met at the pleading stage. The government does not have to prove its defense before it can even plead it. As for *Mahoney v. United States*, 223 Ct. Cl. 713, *as modified on denial of rehearing*, 224 Ct. Cl. 668 (1980) (per curiam), the third case on which Wells Fargo relies, the Court agrees with Judge Boylan that *Mahoney* is distinguishable both because it was an egregious case concerning discovery abuse and because, unlike this case, the setoff defenses asserted in *Mahoney* concerned items that did not form the basis of the plaintiff's refund claim. The risk of abuse in *Mahoney* was thus much higher than the risk of abuse in this case. Furthermore, to the extent that *Mahoney* can be read to impose a heightened pleading standard for an offset defense, the Court believes that it is an erroneous and unwarranted extension of *Missouri Pacific* and *Mo. Pac.*

The Court further agrees with Judge Boylan that *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), do not apply to the pleading of defenses under Fed. R. Civ. P. 8(b) and ©.  The federal courts — indeed, the magistrate judges in this District — have split on this question.  The Court strongly agrees with those judges who have found that *Iqbal* and *Twombly* do not apply to the pleading of affirmative defenses.  The Court will not rehash the reasons for its conclusion, as those reasons have been discussed at length in many opinions.  The Court will instead just cite a couple of the arguments that it finds most compelling.

First, nothing in the text of the Federal Rules of Civil Procedure or in the Appendix of Forms even hints that a defendant must plead sufficient facts to establish the "plausibility" of an affirmative defense.  *Iqbal* and *Twombly* are grounded on the requirement in Rule 8(a)(2) that a "claim for relief" contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  An affirmative defense is not a claim for relief, and neither Rule 8(a)(2) nor any other rule requires a defendant to plead facts "showing" that the plaintiff is *not* entitled to relief.  *Compare Twombly*, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'") *with Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-2870, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (noting that, unlike Rule 8(a), Rule 8(b) does *not* require the pleader to "sho[w] that the pleader is entitled to relief").

Second, plaintiffs and defendants are in much different positions.  Typically, a plaintiff has months — often *years* — to investigate a claim before pleading that claim in federal court.

-3-

By contrast, a defendant typically has 21 days to serve an answer. Fed. R. Civ. P. 12(a)(1)(A)(I). Whatever one thinks of *Iqbal* and *Twombly*, the "plausibility" requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.

Third, applying *Iqbal* and *Twombly* to affirmative defenses would radically change civil practice in the federal courts. Affirmative defenses are almost always simply listed in answers; only rarely do defendants plead much in the way of facts in support of affirmative defenses. (Of course, prior to pleading an affirmative defense, a defendant must make "an inquiry reasonable under the circumstances"— one of the circumstances being that the defendant must file an answer in just 21 days — and certify that the affirmative defense is pleaded in conformity with Rule 11.) In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary. Applying *Iqbal* and *Twombly* to affirmative defenses would force defendants to plead fewer affirmative defenses and then, after taking discovery, to move the Court for permission to amend their answers to add affirmative defenses. Plaintiffs would often resist those motions on the grounds that the proposed affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties.

Finally, the Court notes that, even if *Iqbal* and *Twombly* apply to affirmative defenses, the government's answer in this case — which asserts a defense based on Wells Fargo's alleged negligence in the treatment of a particular transaction in its 2003 federal income tax return — conforms to the standard for pleading negligence claims as set forth in Form 11 of the Federal

Rules of Civil Procedure. *Cf. Hamilton v. Palm*, No. 09-3676, 2010 WL 3619580, at *2 (8th Cir. Sept. 20, 2010) (concluding that, given the simplicity of Form 13 of the Federal Rules of Civil Procedure, the plaintiff sufficiently alleged that the defendant was his employer).

Wells Fargo's request for oral argument is denied and Judge Boylan's order is affirmed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiff's objection [Docket No. 52] to Judge Boylan's July 15, 2010 Order [Docket No. 51] is OVERRULED and the Order is AFFIRMED.

Dated: October 27, 2010               s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge