UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WELLS FARGO & COMPANY, on behalf of itself and the members of its affiliated group filing a consolidated return,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 09-CV-2764 (PJS/TNL)<br><br><br>ORDER |

B. John Williams, Jr., Julia M. Kazaks, Alan Swirski, and Cary Pugh, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP; Walter A. Pickhardt and Martin S. Chester, FAEGRE BAKER DANIELS LLP; Jeffrey A. Sloan, WELLS FARGO & COMPANY, for plaintiff.

Dennis M. Donohue, John L. Schoenecker, Kari M. Larson, William E. Farrior, and Alan S. Kline, UNITED STATES DEPARTMENT OF JUSTICE, for defendant.

This matter is before the Court on the objection of plaintiff Wells Fargo & Company ("Wells Fargo") to the special master's June 14, 2013 order and report denying Wells Fargo's motion to exclude the testimony of Dr. David LaRue under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court has conducted a de novo review pursuant to ¶ 8 of the Court's order appointing a special master. *See* ECF No. 102.

The Court agrees with the special master's analysis and with much of the government's defense of the special master's report. Indeed, the Court finds Wells Fargo's objection to be somewhat puzzling. At times, Wells Fargo seems to object that LaRue failed to take into account the fact that the STARS transaction complied with the literal terms of all applicable statutes and regulations. But this fact is undisputed and is the focus of neither the trial nor LaRue's testimony. Instead, the question for trial (and the question addressed by LaRue) is whether,

under the economic-substance doctrine, the STARS transaction should be disregarded *despite* the fact that it complied with all technical tax rules.

At other times, Wells Fargo seems to argue that the nature of the particular tax rules that apply to foreign-tax credits reflects an intent by Congress or by the Department of the Treasury to preclude certain types of evidence from being considered by a jury asked to apply the economic-substance doctrine. Indeed, it appears to the Court that the practical impact of accepting Wells Fargo's arguments would be to largely insulate the STARS transaction from the economic-substance doctrine, although Wells Fargo repeatedly denies that it is taking such a position. In any event, the Court finds nothing in the statutes or regulations that apply to the STARS transaction that would preclude the jury from considering all of the relevant evidence, including every aspect of the flow of the cash and the nature of every burden and benefit experienced by every participant in the transaction.

Take, for example, Wells Fargo's argument about the technical-taxpayer rule: There seems to be no dispute that Wells Fargo complied with the technical-taxpayer rule. But understanding the economic reality of the STARS transaction is a foundational step in determining whether the transaction lacked economic substance. A full understanding of the economic reality of the transaction requires an analysis of the nature of the potential profit from the transaction. That analysis, in turn, requires (among other things) an understanding of who bore the economic burden of the foreign tax. The fact that Wells Fargo is legally considered the taxpayer under the technical-taxpayer rule does not render irrelevant the financial impact (or lack thereof) of the tax on Wells Fargo. That financial impact remains part of the overall economic reality of the transaction and thus the jury will need to hear about it if the jury is to fully

understand the transaction's purpose and substance. Accordingly, the Court overrules the objection, affirms the order, and adopts the report.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection [ECF No. 342] is OVERRULED.

2. The special master's order and report [ECF Nos. 337, 338] are AFFIRMED and ADOPTED.

Dated: September 11, 2013         s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge