UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WELLS FARGO & COMPANY, on behalf of itself and the members of its affiliated group filing a consolidated return,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 09-CV-2764 (PJS/TNL)<br><br>ORDER |

B. John Williams, Jr., Alan Swirski, and Nathan Wacker, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP; Walter A. Pickhardt, Charles F. Webber, and Deborah A. Ellingboe, FAEGRE BAKER DANIELS LLP; Jeffrey A. Sloan, WELLS FARGO & COMPANY, for plaintiff.

Dennis M. Donohue, Harris J. Phillips, Vassiliki Economides, and Matthew S. Johnshoy, UNITED STATES DEPARTMENT OF JUSTICE, for defendant.

Plaintiff Wells Fargo & Company ("Wells Fargo") brought this tax-refund suit, claiming (among other things) that it is entitled to certain tax benefits in connection with a complex transaction called "Structured Trust Advantaged Repackaged Securities" or "STARS." After much motion practice and a lengthy trial, Wells Fargo (1) lost its claim that it is entitled to foreign-tax credits in connection with STARS; (2) prevailed on its claim that it is entitled to deduct interest on the loan component of STARS; and (3) lost its (unrelated) claim that it should be permitted to deduct certain California state taxes on its 2003 tax return. The Court also ruled that the government is entitled to offset,

against Wells Fargo's recovery, a negligence penalty for Wells Fargo's STARS reporting. With these rulings in hand, the parties calculated the amount of the resulting judgment, which the Court entered. ECF No. 669.

This matter is before the Court on Wells Fargo's motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) or, in the alternative, for a new trial under Fed. R. Civ. P. 59(a). In the course of briefing, the parties came around to agreeing that Wells Fargo's motion is largely unnecessary because it raises purely legal issues that Wells Fargo is entitled to raise on appeal without first raising them in a post-judgment motion. Wells Fargo therefore asks that the Court deny its motion as moot, with one exception: Wells Fargo requests that the Court rule that the government's failure to comply with 26 U.S.C. § 6751(b) precludes the government from offsetting the negligence penalty. Section 6751(b) requires a supervisor's written approval before the Internal Revenue Service can assess a tax penalty—and, according to Wells Fargo, no supervisor gave written approval to the negligence penalty that is at issue in this case.

There is no procedural rule that would permit the Court to consider Wells Fargo's argument at this stage. Wells Fargo's motion is made under Rules 50(b) and 59(a), but those rules are plainly inapplicable. Wells Fargo cannot seek a *new* trial under Rule 59(a) because the offset defense was never raised during the *original* trial. Moreover, Wells Fargo cannot seek judgment as a matter of law under Rule 50(b)

because Wells Fargo never raised the § 6751(b) issue in a Rule 50(a) motion. *See Walsh v. Nat'l Comput. Sys., Inc.*, 332 F.3d 1150, 1158 (8th Cir. 2003) (a Rule 50(b) motion may not raise additional grounds that were not raised in a pre-verdict Rule 50(a) motion).

Wells Fargo has not attempted to argue that its motion is authorized under any other rule, and no such rule occurs to the Court. Rule 59(e) motions to alter or amend the judgment "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation and quotations omitted). They may not be used to introduce new legal theories or arguments that could have been presented before the entry of judgment. *Id.* Likewise, relief from a judgment under Rule 60(b)(6) is "exceedingly rare" and limited to "extraordinary circumstances." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). Such relief is available only when "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

Wells Fargo contends that it did, in fact, raise its § 6751(b) argument before entry of judgment, pointing to (1) its motion to strike the government's offset defense and (2) the parties' post-verdict/pre-judgment briefing, which the Court requested in order to identify and resolve the legal issues that remained after trial. It is true that Wells

Fargo mentioned § 6751(b) in these briefs.  But it is also true that, in these briefs, Wells Fargo mentioned § 6751(b) only in the course of describing the background to the disputes that Wells Fargo wanted the Court to resolve.  At no time did Wells Fargo ask the Court to rule that the government's offset defense failed as a matter of law because the government did not comply with § 6751(b).  The procedural history of the government's offset defense makes this clear.

Ever since the government asserted that Wells Fargo is liable for an offsetting negligence penalty, Wells Fargo has worked diligently to defeat this defense on the merits.  Its first effort (a motion to strike) was heard and denied by Magistrate Judge Arthur J. Boylan.  ECF No. 51.  In its memorandum to Judge Boylan, Wells Fargo described (in a footnote) several procedural prerequisites to assessing a penalty under the Internal Revenue Code, including written approval under § 6751(b).  ECF No. 39 at 7 n.6.  But Wells Fargo did not contend that the government failed to follow these procedures in seeking the negligence penalty, nor did Wells Fargo argue that any such failure would preclude the government from seeking an offset.  After Judge Boylan denied Wells Fargo's motion, Wells Fargo filed an objection, asking this Court to overturn Judge Boylan's order.  ECF No. 52.  Wells Fargo said nothing about § 6751(b) in its objection.  As a result, the Court was never asked to, and did not, rule on the effect

of any non-compliance with § 6751(b).  *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

After the Court overruled Wells Fargo's objection, the parties entered into a stipulation regarding the scope of Wells Fargo's defenses to the negligence penalty. ECF No. 94.  In that stipulation, Wells Fargo listed two defenses that it intended to raise to the penalty:  (1) that there was no underpayment of tax, so Wells Fargo could not be liable for any penalty; and (2) that, objectively viewed, there was a "reasonable basis" within the meaning of 26 C.F.R. § 1.6662-3(b)(3) for its reporting of STARS.  ECF No. 94 ¶ 2.  Wells Fargo explicitly agreed that it would *not* raise any other defense or argument against the penalty.  ECF No. 94 ¶ 3(c).  Necessarily, then, this stipulation precluded Wells Fargo from making any argument based on the government's alleged failure to comply with § 6751(b).

Consistent with this stipulation, Wells Fargo moved for summary judgment on the negligence penalty on the ground that there was a reasonable basis for its reporting of STARS.  ECF No. 407.  Wells Fargo's briefing in support of its motion did not mention § 6751(b).  ECF Nos. 408, 461, 512.  The Court denied Wells Fargo's motion, but indicated that it would address the question of whether Wells Fargo had a reasonable basis for its reporting of STARS after trial (assuming that the issue had not become moot).  ECF No. 537 at 54-55.

After trial, the Court ordered the parties to file briefs concerning the government's offset defense and an unrelated issue.  ECF No. 629.  On the first page of its brief, Wells Fargo reiterated its usual introduction to the offset issue, mentioning that the government raised the negligence penalty for the first time in this litigation and that it "did so apparently without regard to the procedures set out in 26 U.S.C. § 6751 . . . ."  ECF No. 631 at 1.  After this introductory paragraph, Wells Fargo framed the issue for decision:  "The Government's penalty claim fails, because Wells Fargo's return position with respect to STARS had a 'reasonable basis' . . . ."  *Id.* at 2.  The next 17 pages of Wells Fargo's brief argued that its return position had a reasonable basis.  At no point did Wells Fargo argue that the government failed to comply with § 6751(b) or that the government's failure precluded the government from seeking an offset.  Indeed, Wells Fargo did not so much as *mention* § 6751(b) in the remainder of its brief.

Wells Fargo points out that the *government*—in a two-sentence footnote in its response brief—said that "Wells Fargo's citation to § 6751 is misplaced."  *See* ECF No. 632 at 4 n.4.  Thus, says Wells Fargo, the parties "joined issue" regarding the requirements of § 6751(b).  The Court very much doubts that the parties can be said to have "joined issue" over a matter on which only one party offered anything approaching argument.  In any event, the fact remains that Wells Fargo long ago stipulated away its right to oppose the offset defense on any ground other than that its

tax reporting had a reasonable basis (and that Wells Fargo was not liable for unpaid taxes at all).  Given Wells Fargo's stipulation, there can be no argument that the Court was ever asked to resolve the effect of non-compliance with § 6751(b).  Indeed, even without the stipulation, the parties' fleeting and desultory references to § 6751(b) would not be sufficient to put the issue before the Court.  As a result, Wells Fargo cannot raise this issue now under the guise of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  And because Wells Fargo itself waived this issue, there are certainly no extraordinary circumstances that would justify relief under Fed. R. Civ. P. 60(b)(6).

Because the issue of the government's alleged noncompliance with § 6751(b) is not properly before the Court, and because Wells Fargo has agreed that the Court need not rule on its remaining arguments, the Court denies Wells Fargo's motion for judgment as a matter of law or, in the alternative, for a new trial.[1]

---

[1] Even if Wells Fargo were still pursuing its remaining arguments—and even if those arguments were properly before the Court—the Court would deny Wells Fargo's motion on the merits for the reasons that the Court has already explained in its previous rulings.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for judgment as a matter of law or, in the alternative, a new trial [ECF No. 673] is DENIED.

Dated:  February 5, 2018  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge